(84 South. 310)

### ABRAMS v. STATE.   (1 Div. 337.)

(Court of Appeals of Alabama.  Dec. 16, 1919.)

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

William Abrams was convicted of violating the prohibition law, the conviction was affirmed on appeal to the circuit court on a trial by jury, and he appeals.  Affirmed.

Inge & Kilborn, of Mobile, for appellant.  J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

BRICKEN, P. J.  The defendant was tried and convicted in the inferior criminal court of Mobile county of the offense of violating the prohibition law.  He appealed to the circuit court and demanded a jury trial as provided by law.  In the circuit court of Mobile county he was again convicted, from which judgment of the court this appeal is taken.

This appeal is on the record proper, without a bill of exceptions.  The trial judge certifies that the time for presenting a bill of exceptions has expired, and that no bill of exceptions has been presented.  A careful examination of the record convinces us that the proceedings in the circuit court were in all things regular, and the record is free from error.

The judgment of the circuit court is therefore affirmed.

Affirmed.

———

(84 South. 785)

### JACOBS v. STATE.   (3 Div. 355.)

(Court of Appeals of Alabama.  Jan. 13, 1920.)

CRIMINAL LAW ⬤⟳510—CONVICTION CANNOT BE SUSTAINED BY UNCORROBORATED TESTIMONY OF ACCOMPLICES.

Where, in a prosecution for burglary, the only evidence tending to connect defendant with the crime charged was testimony of accomplices, he was entitled to the affirmative charge, in view of Code 1907, § 7897, requiring testimony of accomplices to be corroborated to authorize conviction of felony.

Appeal from Circuit Court, Montgomery County; F. Loyd Tate, Judge.

Fred Jacobs was convicted of burglary, and he appeals.  Reversed and remanded.

L. A. Sanderson, of Montgomery, for appellant.  J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J.  The only evidence tending to connect the defendant with the commission of the crime charged is the testimony of accomplices.  The conviction was for a felony.  Under section 7897 of the Code of 1907 the defendant was entitled to the affirmative charge.  For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.